COMMONWEALTH *vs.* JOHN STEWART.

Suffolk.    April 4, 1893. — May 17, 1893.

Present: FIELD, C. J., ALLEN, MORTON, LATHROP, & BARKER, JJ.

*Furnishing to Guest in Restaurant  Oleomargarine in Place of Butter — Notice*
*to Guest — Statute.*

The proprietor of a restaurant furnished oleomargarine to a guest in the place of
  butter.  There were signs in conspicuous places in the restaurant bearing the
  words, "Butterine Used Only Here," and on the tables were bills of fare on
  which were printed the words, "Only Fine Butterine Used Here."  The guest
  saw neither of the signs, and did not examine the bill of fare; and no oral
  notice was given to him that the substance furnished to him was not butter.
  *Held,* that the proprietor of the restaurant could be convicted of an offence
  under the St. of 1891, c 412, § 5.

COMPLAINT, under the St. of 1891, c. 412, § 5, to the Munici-
pal Court of the city of Boston, in two counts, alleging that
the defendant, on March 10 and 16 respectively, at Boston, in a
certain restaurant then and there kept by him, furnished to one
Quinn, he being then and there a guest of said restaurant, one
half-ounce of oleomargarine in the place of butter, without noti-
fying Quinn that the substance so furnished was not butter.

At the trial in the Superior Court, before *Bond,* J., the case
was submitted to the jury upon an agreed statement of facts,
the material parts of which appear in the opinion.

It was agreed by the defendant that, if it was the opinion of
the court that the defendant was guilty on the agreed statement
of facts, a verdict of guilty should be directed.

The judge thereupon directed the jury to return a verdict of
guilty, which was accordingly done; and the defendant alleged
exceptions.

*F. G. Holcombe,* for the defendant.

*C. N. Harris,* Second Assistant Attorney General, for the
Commonwealth.

BARKER, J.   The St. of 1891, c. 412, § 5, requires every per-
son who furnishes or causes to be furnished to a guest in a
restaurant or a hotel, or at a lunch counter, oleomargarine or
butterine in the place or stead of butter, to notify him that the
substance furnished is not butter.   The defendant was the pro-

prietor of a restaurant at which oleomargarine was furnished to one Quinn, in the place or stead of butter. No oral notice was given to him. There were signs in conspicuous places in the restaurant bearing the words, " Butterine Used Only Here," and on the tables were bills of fare on which were printed the words, " Only Fine Butterine Used Here "; but Quinn saw neither of the signs, and did not examine the bill of fare, and so had no actual notice that the substance furnished him was not butter. If he had read the signs, or the statement printed on the bill of fare, he would have had sufficient notice; for if knowledge that the substance furnished is not butter is in any way effectually communicated to the guest, the law is complied with. The statute does not require a distinct statement, either oral or written, to be given to each guest on every occasion when he is furnished with oleomargarine or butterine in the place or stead of butter, but is satisfied if, by any act of the person who furnishes it, or causes it to be so furnished, the guest is made aware of the fact that the substance furnished is not butter.

The two counts allege offences on different days, while the statement of agreed facts, as printed, relates to but one occasion. If there was in fact but one occasion to which the statement relates, and the defendant was convicted on both counts, the error can be corrected in the court below. No question was raised at the argument on this branch of the case.

*Exceptions overruled.*